## KINTNER et ux. v. UNITED STATES.
### No. 519.

United States District Court
D. Montana, Missoula Division.

Oct. 6, 1952.

Smith, Boone & Rimel, Missoula, Mont., for plaintiffs.

Dalton T. Pierson, U. S. Atty., Butte, Mont., R. Lewis Brown, Jr., Asst. U. S. Atty., Butte, Mont., and John A. Rees, Sp. Asst. to Atty. Gen., for defendant.

MURRAY, District Judge.

This is a suit brought by plaintiffs, husband and wife, against the United States to recover the sum of $780.13, which they paid as a deficiency assessment on their 1948 income tax. The circumstances leading to the assessment of the deficiency are as follows:

Plaintiff Arthur R. Kintner is a medical doctor practicing his profession in Missoula, Montana. Prior to June 30, 1948, Dr. Kintner was a member of a group of doctors organized as a copartnership and practicing medicine under the name of Western Montana Clinic. On June 30, 1948, the partnership was dissolved and Articles of Association were executed by the former partners, forming an association for the practice of medicine, under the name of Western Montana Clinic Association. The Association, upon its formation, created a pension plan for the purpose of providing a pension fund for its employees. Under this plan, contributions in the sum of $976.14 were made by the Association to the pension fund on behalf of Dr. Kintner for the months of July to December, 1948, and Dr. Kintner did not report this sum as income, upon the theory that under Section 165(b) of Title 26 U.S.C.A. such sum was not taxable at the present time as income and would not be taxable until he commenced to receive payments from the fund. The Collector ruled otherwise and levied a deficiency assessment.

Another item which resulted in the deficiency assessment was the sum of $1,140.82. This amount represents the portion of a reserve set up by the Western Montana Clinic Association during 1948 to cover its operating expenses during the year 1949, which would be chargeable to Dr. Kintner as income if the Association is to be regarded for tax purposes as a partnership rather than a corporation. The two amounts, $1,140.82 and $976.14, were charged against Dr. Kintner and his wife on their joint return as additional income for 1948, and a deficiency assessment of $720.26, plus interest in the amount of $59.87, was levied against them. This they paid on September 5, 1950, and thereafter

978

filed a claim for refund, which claim was not acted upon by the government within 6 months after its filing, nor any time up to the time of institution of this action, and this suit was started.

Plaintiffs claim the Western Montana Clinic Association is an association taxable as a corporation, and therefore the sum of $1,140.82 is not chargeable to Dr. Kintner as his proportion of the reserve set up by the Association to conduct business for the ensuing year. They also contend that the Doctor is an employee of the Association and that the funds contributed to the pension plan on his behalf by the Association are not presently chargeable to him as income and will not be chargeable to him until he actually receives money from the pension fund. The government takes a contrary position and in addition, in its brief, claims that under the provisions of Section 165(a) (3) (B) the plan is discriminatory in favor of officers, shareholders, supervising or highly compensated employees.

A decision in this case requires an answer to the following three questions:

1. Is the Western Montana Clinic Association an association that is taxable as a corporation within the meaning of the Internal Revenue Code and the Rules and Regulations of the Internal Revenue Bureau;

2. If Western Montana Clinic Association is an association taxable as a corporation, is the plaintiff, Dr. Kintner, an employee of that association;

3. Does the pension plan created by the Western Montana Clinic Association meet the requirements of Section 165(a) of the Internal Revenue Code?

It appears to the Court that the answer to the first question must be in the affirmative.

Turning first to the Income Tax Regulations of the Bureau of Internal Revenue, effective for the taxable years beginning after December 31, 1941, 26 CFR, part 29, the following definitions are found:

"Sec. 29.3797–1. Classification of taxables. For the purpose of taxation the Internal Revenue Code makes its own classification and prescribes its own standards of classification. Local law is of no importance in this connection. * * * The term 'Partnership' is not limited to the common law meaning of partnership, but is broader in its scope and includes groups not commonly called partnerships. The term 'corporation' is not limited to the artificial entity usually known as a corporation, but includes also an association, a trust classed as an association because of its nature or its activities, a joint-stock company, an insurance company, and certain kinds of partnerships * * *.

"Sec. 29.3797–2. Association. The term 'association' is not used in the Internal Revenue Code in any narrow or technical sense. It includes any organization, created for the transaction of designated affairs, or the attainment of some object, which, like a corporation, continues notwithstanding that its members or participants change, and the affairs of which, like corporate affairs, are conducted by a single individual, a committee, a board, or some other group, acting in a representative capacity. It is immaterial whether such organization is created by agreement, a declaration of trust, a statute, or otherwise. *It includes* a voluntary association, a joint stock association or company, a 'business' trust, a 'Massachusetts' trust, a 'common' trust, an inter-insurance exchange operating through an attorney in fact, *a partnership association, and any other type of organization (by whatever name known) which is not, within the meaning of the Code, a trust or an estate, or a partnership. * * *"*

The evidence shows the Western Montana Clinic Association was an organization created for the transaction of designated affairs (the practice of medicine and surgery); it continues notwithstanding that its members or participants change, and its affairs are conducted by a committee acting in a representative capacity. An association, under the above definition, includes any organization, by whatever name known, which is not, within the meaning of

the Code, a trust or an estate or a partnership. There is no contention that the Western Montana Clinic is a trust or an estate, and turning to the definition of partnership in the regulations, the following is found:

"Sec. 29.3797–4. Partnerships. The Internal Revenue Code provides its own concept of a partnership. Under the term 'Partnership' it includes not only a partnership as known at common law, but, as well, a syndicate, group, pool, joint venture, or other unincorporated organization which carries on any business, financial operation, or venture, and which is not, within the meaning of the Code, a trust, estate, or a corporation. On the other hand, the Code classifies under the term 'corporation' an association or joint-stock company, the members of which may be subject to the personal liability of partners. *If an organization is not interrupted by the death of a member or by a change in ownership of a participating interest during the agreed period of its existence, and its management is centralized in one or more persons in their representative capacities, such an organization is an association, taxable as a corporation.*"

From the above definitions contained in the Internal Revenue Regulations, it is clear that the Western Montana Clinic Association is an association taxable as a corporation, unless for some reason· the said Regulations do not apply to this particular case. The government failed to show any reason, and the Court has been unable to find any, why these regulations do not apply.

However, even aside from the regulations, it appears that under the tests of corporate or partnership identity set up by the Supreme Court in Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 295, 80 L.Ed. 263, and subsequent cases interpreting that decision, the Court would be forced to hold the Western Montana Clinic Association to be taxable as a corporation. Briefly summarized, the Supreme Court recognized the following features of an enterprise that is to be regarded as a corporation for tax purposes:

1. A corporation, as an entity, holds the title to the property embarked in the corporate undertaking.

2. Corporate organization furnishes the opportunity for a centralized management through representatives of the members of the corporation.

3. Security of the enterprise from termination or interruption by the death or withdrawal of owners of participating interests.

4. Corporate organization facilitates the transfer of beneficial interests without affecting the continuity of enterprise.

5. The corporation organization permits the limitation of personal liability of participants to the property embarked in the undertaking.

The Court in the Morrissey case also stated, "While the use of corporate forms may furnish persuasive evidence of the existence of an association, *the absence of particular forms, or of the usual terminology of corporations, cannot be regarded as decisive.*" This last quoted language of the Supreme Court in the Morrissey case, and also subsequent Circuit Court cases interpreting the Morrissey case, seems to indicate that an organization need not meet all five of the above suggested tests, but · rather that the organization be closely examined to ascertain whether it most closely resembles a corporation or a partnership, and its status declared in accordance with the "balance of resemblance". See· Bert v. Helvering, 67 App.D.C. 340, 92 F.2d 491; Commissioner of Internal Revenue v. Brouillard, 10 Cir., 70 F.2d 154. The Western Montana Clinic Association meets the above tests 1, 2 and 3 fully; with respect to test 4, while it does not fully resemble a corporation, neither does it resemble a partnership. As to test 5, the Western Montana Clinic Association more closely resembles a partnership than a corporation. Thus between a corporation and a partnership, the association most closely resembles a corporation. It seems to the Court that the most decisive comparison is suggested by test 3 above,

because generally speaking a partnership does not survive the death or withdrawal of a member.

■ With respect to the second question above, as to whether Dr. Kintner is an employee of the association, considerable argument has been put forth on both sides. It is true that in actual practice of his profession, the Doctor now is practicing medicine in the same manner as he did under the former partnership insofar as examining and treating patients is concerned. It is true that by the very nature of this profession there can be no over the shoulder supervision of the doctor's methods and techniques. On the other hand, the doctor's time is commanded by the Association, he receives none of the fees which he earns as such, he has no interest in the Association which is readily transferrable, and it seems to the Court, the most persuasive feature of his present status is that he may be discharged from membership in and employment with the association, and the association continue in its business. His office hours are set, his vacations dictated by the Association, and it seems to the Court he can only be classified as an employee.

On the third question as to whether or not the pension plan of the Western Montana Clinic Association meets the requirements of Section 165(a) of Title 26 U.S. C.A., the ground upon which the government attacks the pension plan is that it is discriminatory under subsection (3) (B) of Section 165(a).

Subsection (3) of 165(a) provides:

"165. Employees' trusts

"(a) Exemption from tax. A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall not be taxable under this supplement and no other provision of this supplement shall apply with respect to such trust or to its beneficiary—

\*　　\*　　\*　　\*　　\*　　\*

"(3) if the trust, or two or more trusts, or the trust or, trusts and annuity plan or plans are designated by the employer as constituting parts of a plan intended to qualify under this subsection which benefits either—

"(A) 70 per centum or more of all the employees, or 80 per centum or more of all the employees who are eligible to benefit under the plan if 70 per centum or more of all the employees are eligible to benefit under the plan, excluding in each case employees who have been employed not more than a minimum period prescribed by the plan, not exceeding five years, employees whose customary employment is for not more than twenty hours in any one week, and employees whose customary employment is for not more than five months in any calendar year, or

"(B) such employees as qualify under a classification set up by the employer and found by the Commissioner not to be discriminatory in favor of employees who are officers, shareholders, persons whose principal duties consist in supervising the work of other employees, or highly compensated employees".

■ It is thus seen that subsections (3) (A) and (3) (B) are in the alternative. In other words to meet the requirements of the statute, with reference to classification or eligibility of employees, a plan may comply with either (3) (A) or (3) (B). No suggestion has been made that the pension plan fails to cover the percentage of the Association's employees required by subsection (3)(A), and the Court finds that the plan does meet the requirements of that subsection. Therefore, there is no occasion to consider the plan with reference to subsection (3) (B). As found in the findings of fact and conclusions of law filed herewith, the Court holds that the pension plan of the Western Montana Clinic Association complies with all the requirements of Section 165(a) of Title 26 U.S.C.A. and that therefore the plaintiff Arthur R. Kintner, being a beneficiary of such pension plan, is entitled to the benefits of Section 165(b) of Title 26, which makes the amounts paid to the pension fund on his behalf taxable only when distributed to him.